**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CONOCOPHILLIPS PETROZUATA B.V.,
CONOCOPHILLIPS HAMACA B.V., and
CONOCOPHILLIPS GULF OF PARIA B.V.,

Petitioners,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

Respondent.

Civil Action No. __________

**DECLARATION OF ELLIOT FRIEDMAN**

Pursuant to 28 U.S.C. § 1746, I, Elliot Friedman, declare and state as follows:

1. I am an attorney admitted to practice before this Court and a partner with the law firm Freshfields Bruckhaus Deringer US LLP, counsel for Petitioners ConocoPhillips Petrozuata B.V. ("CPZ"), ConocoPhillips Hamaca B.V. ("CPH"), and ConocoPhillips Gulf of Paria B.V. ("CGP") (collectively, "Petitioners").

2. I respectfully submit this declaration in support of Petitioners' Petition to Recognize and Enforce an ICSID Arbitration Award. This declaration is based on my personal knowledge of the matters described herein and my review of the record of the arbitration and the exhibits attached to this declaration.

3. The Petition seeks entry of judgment recognizing and enforcing an arbitral award rendered in favor of Petitioners and against the Bolivarian Republic of Venezuela ("Venezuela") following an arbitration conducted under the arbitration rules of the International Centre for Settlement of Investment Disputes ("ICSID") and pursuant to the Convention on the Settlement of Investment Disputes between States and Nationals of Other States (the "ICSID Convention"). The arbitration was captioned *ConocoPhillips Petrozuata B.V., ConocoPhillips Hamaca B.V.,*

*ConocoPhillips Gulf of Paria B.V., and ConocoPhillips Company v. Bolivarian Republic of Venezuela*, ICSID Case No. ARB/07/30 (the "Arbitration"). The resulting arbitration award, dated March 8, 2019 (the "Award"), awarded Petitioners damages for Venezuela's expropriation of Petitioners' investments in violation of the Netherlands-Venezuela bilateral investment treaty (the "Treaty") and international law. A true and correct copy of the Award, certified by the Secretary-General of ICSID, is attached to this Declaration as Exhibit A. True and correct copies of the relevant articles of the ICSID Convention and the ICSID Rules of Procedure for Arbitration Proceedings are attached to this Declaration as Exhibit B and Exhibit C, respectively.

4. Petitioners submitted a Request for Arbitration to ICSID on November 2, 2007, and ICSID registered the Request on December 13, 2007. *See* Ex. A, ¶ 1.

5. A three-person ICSID arbitral tribunal (the "Tribunal") was constituted on July 23, 2008 to preside over the Arbitration.

6. In 2012, Venezuela withdrew from the ICSID Convention. Venezuela did not raise any objection during the Arbitration to the Tribunal's jurisdiction based on this withdrawal.

7. On September 3, 2013, the Tribunal rendered its Decision on Jurisdiction and the Merits, finding that Venezuela had effected an expropriation of Petitioners' investments in violation of international law. A true and correct copy of the 2013 Decision on Jurisdiction and the Merits is attached to this Declaration as Exhibit D. The Tribunal also issued an Interim Decision on January 17, 2017, which re-confirmed the Tribunal's prior finding that Venezuela had unlawfully expropriated Petitioners' investments in Venezuela. A true and correct copy of the 2017 Interim Decision is attached to this Declaration as Exhibit E.

8. On March 8, 2019, the Secretary-General of ICSID dispatched the Tribunal's Award.[1] The Award incorporates by reference the Tribunal's two prior decisions. *See* Ex. A, ¶¶ 38, 43, 1009. The Tribunal awarded Petitioners monetary damages (plus pre-award interest) in the amount of US$8,733,046,155, together with post-award interest until payment is made in full, to begin accruing 60 days after the issuance of the Award. *See id.* at ¶¶ 1010(1)–(3), 1010(9). The Tribunal also ordered Venezuela to reimburse Petitioners for a portion of their legal fees and ICSID arbitration costs, in an additional amount of US$21,861,000.[2] The full value of the Award is thus US$8,754,907,155.

9. Petitioners and Venezuela participated fully in the arbitration proceedings, which lasted for more than a decade. Venezuela was actively represented in the Arbitration by the law firm Curtis, Mallet-Provost, Colt & Mosle LLP. The parties submitted over 3000 pages of written pleadings, 28 witness statements, 45 reports by damages and other experts, and nearly 2000 exhibits and legal authorities. The parties also participated in over 30 days of hearings, at which they made legal submissions and examined witnesses and experts before the Tribunal.

10. On March 11, 2019, Petitioners demanded payment on the Award from Venezuela. A true and correct copy of the letter communicating that demand (with bank account details redacted), dated March 11, 2019, is attached to this Declaration as Exhibit F.

---

1 Although the Tribunal members signed the Award on February 27, 2019 (*see* Ex. A, p. 331), Article 49(1) of the ICSID Convention deems the Award to have been rendered on the date the Award was dispatched to the parties (*see* Ex. B, Art. 49(1)).

2 The arbitration costs were paid through advance payments to ICSID. The unused portion of that advance is to be refunded to Petitioners by ICSID. Therefore, the total administrative costs for which Venezuela is to reimburse Petitioners will be reduced slightly. *See* Ex. A, ¶ 1010(7). Petitioners will update the Court once the amount of the refund by ICSID is known.

11. Venezuela has not satisfied the Award, and there is no stay of enforcement in effect with respect to the Award.

12. In the interest of transparency, I note that the ICSID Convention provides for certain post-award procedures that may, in certain circumstances, result in a stay of enforcement. First, either party may request interpretation of the Award by the Tribunal if there is a dispute as to the meaning or scope of the Award, and the Tribunal may, if it considers that the circumstances so require, stay enforcement of the Award pending its decision. *See* Ex. B, Art. 50. Second, either party may request a revision of the Award within 90 days of the discovery of some fact of such a nature as decisively to affect the Award, and the Tribunal may, if it considers that the circumstances so require, stay enforcement of the Award pending its decision. *See id.*, Art. 51. Finally, either party may, within 120 days after the date of the Award, apply for annulment of the Award. *See id.*, Art. 52. This period will expire on July 8, 2019. Enforcement of the Award would not be stayed automatically pending the determination of any annulment application, but it would be open to Venezuela to request a stay. If Venezuela were to do so, then enforcement of the Award would be temporarily stayed. *See id.*; Ex. C, Rule 54(1)–(2). Following the constitution of an *ad hoc* Committee to decide the annulment application, the Committee would be obliged to rule within 30 days of a request by either side on whether the stay should be lifted or continued pending the annulment proceeding. Unless the Committee were to continue the stay, it would automatically be terminated. *See* Ex. C, Rule 54(1)–(2). As of the date of this Declaration, Venezuela has not made any application for interpretation, revision, or annulment, nor any application for a stay, so far as I am aware.

13. Subsidiaries of ConocoPhillips Company, including Petitioners CPZ and CGP, also commenced two related international commercial arbitrations under the auspices of the

International Chamber of Commerce (the "ICC"). These arbitrations were based on breaches of contractual obligations owed by Venezuela's state-owned oil company, Petróleos de Venezuela, S.A. ("PDVSA"), and several PDVSA subsidiaries to the ConocoPhillips Company entities participating in the investments. An award was rendered in the first of these ICC arbitrations in April 2018, and has been the subject of enforcement proceedings in several countries, including in the United States, where it was confirmed as a judgment in *Phillips Petroleum Co. Venezuela Ltd. et al. v. Petróleos De Venezuela, S.A. et al.*, No. 1:18-cv-03716 (S.D.N.Y. August 23, 2018), ECF No. 25 (the "ICC Award"). The second ICC arbitration is currently pending.

14. A portion of the compensation awarded in the ICSID Award (of which Petitioners now seek recognition and enforcement) overlaps with a portion of the compensation awarded in the ICC Award. *See* Ex. A, ¶¶ 961–65. Petitioners have undertaken not to seek, and will not seek, double recovery. *See id.*, ¶¶ 961, 1010(5).

15. There exists a confidential settlement agreement in respect of the ICC Award, between the subsidiaries of ConocoPhillips Company and PDVSA and its subsidiaries. *See id.* at ¶ 36. Funds have been collected pursuant to that agreement, and collection is expected to continue on a periodic basis.

16. No prior application for this or similar relief has been made to this District Court.

***

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: March 11, 2019
New York, New York

By: /s/ Elliot Friedman
Elliot Friedman (D.C. Bar No. NY0106)
FRESHFIELDS BRUCKHAUS DERINGER US LLP
601 Lexington Avenue
31st Floor
New York, New York 10022
Tel: 212-277-4000
Fax: 212-277-4001
*elliot.friedman@freshfields.com*