IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONOCOPHILLIPS PETROZUATA B.V., et al., <br><br>      Petitioners, <br><br>  v. <br><br>BOLIVARIAN REPUBLIC OF VENEZUELA, <br>      Respondent. | Civil Action No. 1:19-cv-00683 (CJN) |

**RESPONSE TO ORDER TO SHOW CAUSE AND UPDATE REGARDING SERVICE**

1. Petitioners ConocoPhillips Petrozuata B.V., ConocoPhillips Hamaca B.V., and ConocoPhillips Gulf of Paria B.V. (collectively, "Petitioners") file this Response to Order to Show Cause and Update Regarding Service pursuant to the Court's August 22, 2019 Order, ECF No. 12, which directed Petitioners to show cause, by September 6, 2019, why this action should not be dismissed and to update the Court on Petitioners' efforts to effect service on the Bolivarian Republic of Venezuela ("Venezuela" or "Respondent").

2. Because Respondent is a foreign State, Petitioners are required to effect service in the manner prescribed by the Foreign Sovereign Immunities Act ("FSIA"). *See* Fed. R. Civ. P. 4(j)(1) ("A foreign state . . . must be served in accordance with 28 U.S.C. §1608."). The 90 day time limit for service under Fed. R. Civ. P. 4(m) does not apply when the respondent is a foreign State. *See* Fed. R. Civ. P. 4(m) (90 day time limit to serve a defendant "does not apply to service in a foreign country under . . . Rule 4(j)(1)."). Petitioners are still in the process of serving Respondent pursuant to the FSIA, and this case should not, therefore, be dismissed.

3. Petitioners commenced this action on March 11, 2019, to recognize and enforce an arbitration award (the "Award"), dated March 8, 2019, rendered in Petitioners' favor and against

Venezuela. The award arose out of an arbitration conducted under the auspices of the International Centre for Settlement of Investment Disputes ("ICSID"), captioned *ConocoPhillips Petrozuata B.V., ConocoPhillips Hamaca B.V., ConocoPhillips Gulf of Paria B.V., and ConocoPhillips Company v. Bolivarian Republic of Venezuela*, ICSID Case No. ARB/07/30.

4. The FSIA provides four methods of service in descending order of preference. The first method of service under the FSIA allows for delivery "in accordance with any special arrangement for service between the plaintiff and the foreign state . . . ." 28 U.S.C. § 1608(a)(1). As no "special arrangement for service" exists between Petitioners and Venezuela, this method of service is unavailable.

5. The next prescribed method of service is "in accordance with an applicable international convention on service of judicial documents." 28 U.S.C. § 1608(a)(2). The United States and Venezuela are parties to the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 63 ("Hague Service Convention"). Accordingly, on April 23, 2019, Petitioners sent to Venezuela's Central Authority all materials required to effect service under the Hague Service Convention, including translations into Spanish of all relevant documents. *See* 28 U.S.C. § 1608(a)(2). Venezuela's Central Authority received those materials on April 29, 2019.

6. Pursuant to the Hague Service Convention, Venezuela's Central Authority is required to return a completed certificate of service to Petitioners. *See* Hague Service Convention, art. 6. Venezuela's Central Authority has not done so. Petitioners have continued to make inquiries of the Venezuelan Central Authority: Petitioners contacted Venezuela's Central Authority on May 1, 2019, May 28, 2019, and July 31, 2019, seeking updates on the progress of service. To

date, however, Venezuela's Central Authority has not responded to any of Petitioners' requests, nor have Petitioners received a completed certificate of service.

7. The next method of service under the FSIA, when service cannot be made under the first two provisions, is via "any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." 28 U.S.C. § 1608(a)(3). This method is unavailable here because Venezuela has formally objected to service by mail under the Hague Service Convention.

8. The final method of service, which Petitioners intend to pursue promptly if Venezuela's Central Authority continues to refuse to return a completed certificate of service, is service through diplomatic channels. *See* 28 U.S.C. § 1608(a)(4).

9. Petitioners will inform the Court of any material developments with respect to service.

Dated: August 26, 2019
      New York, New York

                                  Respectfully submitted,
                                  By:   /s/ Elliot Friedman

**FRESHFIELDS BRUCKHAUS DERINGER US LLP**
Elliot Friedman (D.C. Bar No. NY0106)
Sam Prevatt (admitted *pro hac vice*)
Cameron Russell (admitted *pro hac vice*)

601 Lexington Avenue
31st Floor
New York, New York 10022
Tel:   212-277-4000
Fax:  212-277-4001
*elliot.friedman@freshfields.com*
*sam.prevatt@freshfields.com*
*cameron.russell@freshfields.com*

D. Brian King (admitted *pro hac vice*)

New York University School of Law,
40 Washington Square South, Room 508
New York, New York 10012
Tel:     212-992-8175
*brian.king@dbkingarbitration.com*

**KOBRE & KIM LLP**
Michael S. Kim (D.C. Bar No. 1032401)
Marcus J. Green (D.C. Bar No. 999223)
Josef M. Klazen (D.C. Bar No. 1003749)

1919 M Street, NW
Washington, DC 20036
Tel:     202-664-1900
*michael.kim@kobrekim.com*
*marcus.green@kobrekim.com*
*josef.klazen@kobrekim.com*

*Attorneys for ConocoPhillips Petrozuata B.V., ConocoPhillips Hamaca B.V., and ConocoPhillips Gulf of Paria B.V.*