# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONOCOPHILLIPS PETROZUATA B.V., et al., <br><br> Petitioners, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br> Respondent. | Civil Action No. 1:19-cv-00683 (CJN) |

## STATUS REPORT REGARDING SERVICE OF PROCESS

1. Petitioners ConocoPhillips Petrozuata B.V., ConocoPhillips Hamaca B.V., and ConocoPhillips Gulf of Paria B.V. (collectively, "Petitioners") file this Status Report Regarding Service of Process pursuant to the Court's August 26, 2019 Order, which directed Petitioners to update the Court, by September 26, 2019, on Petitioners' efforts to effect service on the Bolivarian Republic of Venezuela ("Venezuela").

2. As noted in Petitioners' Update Regarding Service dated August 22, 2019, ECF No. 13, Petitioners commenced this action on March 11, 2019. Because Venezuela is a State, Petitioners are required to effect service in the manner prescribed by the Foreign Sovereign Immunities Act ("FSIA"). *See* 28 U.S.C. §1608(a). The FSIA provides four methods of service in descending order of preference. The first method of service under the FSIA allows for delivery "in accordance with any special arrangement for service between the plaintiff and the foreign state . . . ." 28 U.S.C. § 1608(a)(1). As no "special arrangement for service" exists between Petitioners and Venezuela, this method of service is unavailable.

3. The next prescribed method of service is "in accordance with an applicable international convention on service of judicial documents." 28 U.S.C. § 1608(a)(2). The United States and Venezuela are parties to the Convention of 15 November 1965 on the Service Abroad of Judicial

and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 63 ("Hague Service Convention").  Accordingly, on April 23, 2019, Petitioners sent to Venezuela's Central Authority all materials required to effect service under the Hague Service Convention, including translations into Spanish of all relevant documents.  *See* 28 U.S.C. § 1608(a)(2).  Venezuela's Central Authority received those materials on April 29, 2019.

4.       Pursuant to the Hague Service Convention, Venezuela's Central Authority is required to return a completed certificate of service to Petitioners.  *See* Hague Service Convention, art. 6.  Venezuela's Central Authority has not done so.  Petitioners have continued to make inquiries of the Venezuelan Central Authority:  Petitioners contacted Venezuela's Central Authority on May 1, May 28, July 31, and September 4 of this year seeking updates on the progress of service.  To date, however, Venezuela's Central Authority has not responded to any of Petitioners' requests, nor have Petitioners received a completed certificate of service.

5.       The next method of service under the FSIA, when service cannot be made under the first two provisions, is via "any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned."  28 U.S.C. § 1608(a)(3).  This method is unavailable here because Venezuela has formally objected to service by mail under the Hague Service Convention.

6.       The final method of service under the FSIA is service through diplomatic channels.  Given that on September 29, 2019, it will have been five months since Venezuela's Central Authority received the materials required to effect service under the Hague Service Convention, Petitioners are, concurrently with this update, submitting to the Clerk's office a request that service be effected on Venezuela via diplomatic channels under § 1608(a)(4).

7.     Finally, Petitioners wish to inform the Court regarding developments with respect to the arbitration Award that is the subject of this enforcement action.  On April 16, 2019, Venezuela filed an Application for Rectification of certain arithmetical errors alleged to be contained in the March 8, 2019 Award.  On August 29, 2019, the Tribunal rendered its Decision on Rectification.  *See* Exhibit A.[1]  The effect of the Tribunal's Decision on Rectification was to reduce the total amount owed to Petitioners under the Award from US$8,754,907,155 to US$8,527,806,292.  Taking into account interest as provided for in the Tribunal's Award, the total value of the Award as of September 26, 2019, is US$8,705,632,150.[2]

Dated: September 26, 2019
       New York, New York

Respectfully submitted,
By:         /s/ Elliot Friedman

**FRESHFIELDS BRUCKHAUS DERINGER US LLP**
Elliot Friedman (D.C. Bar No. NY0106)
Sam Prevatt (admitted *pro hac vice*)
Cameron Russell (admitted *pro hac vice*)

601 Lexington Avenue
31st Floor
New York, New York 10022
Tel:    212-277-4000
Fax:    212-277-4001
*elliot.friedman@freshfields.com*
*sam.prevatt@freshfields.com*
*cameron.russell@freshfields.com*

---

[1]  The Tribunal's decision on Venezuela's Application for Rectification forms part of the Award.  *See* Convention on the Settlement of Investment Disputes between States and Nationals of Other States, Art. 49(2), Mar. 18, 1965, 17 U.S.T. 1270, 575 U.N.T.S. 159, Pet. to Confirm Arbitration Award, Exhibit B, ECF No. 1-4.

[2]  The Award also requires that Venezuela reimburse Petitioners for certain arbitration costs that Petitioners advanced to the International Center for Settlement of Investment Disputes ("ICSID") on Venezuela's behalf.  The unused portion of those advances is to be refunded to Petitioners directly by ICSID.  ICSID has not yet informed Petitioners of the size of the refund it can expect (if any), and so as of today's date, the total administrative costs for which Venezuela is to reimburse Petitioners is unknown.  Petitioners will update the Court once the amount of the refund by ICSID is known.

D. Brian King (admitted *pro hac vice*)

New York University School of Law,
40 Washington Square South, Room 508
New York, New York 10012
Tel:     212-992-8175
*brian.king@dbkingarbitration.com*

**KOBRE & KIM LLP**
Michael S. Kim (D.C. Bar No. 1032401)
Marcus J. Green (D.C. Bar No. 999223)
Josef M. Klazen (D.C. Bar No. 1003749)

1919 M Street, NW
Washington, DC 20036
Tel:     202-664-1900
*michael.kim@kobrekim.com*
*marcus.green@kobrekim.com*
*josef.klazen@kobrekim.com*

*Attorneys for ConocoPhillips Petrozuata B.V., ConocoPhillips Hamaca B.V., and ConocoPhillips Gulf of Paria B.V.*