# Freshfields Bruckhaus Deringer US LLP

**By ECF**

**ELLIOT FRIEDMAN**
601 Lexington Avenue
31st Floor
New York, NY 10022
Tel  +1 212 277 4000
Fax +1 646 465 7466
elliot.friedman@freshfields.com

United States District Court
for the District of Columbia
Attn: Angela D. Caesar, Clerk of Court
Office of the Clerk, Room 1225
333 Constitution Avenue, N.W.
Washington, D.C. 20001

September 26, 2019

Re:    Request for Service of Process on Respondent
Bolivarian Republic of Venezuela in *ConocoPhillips Petrozuata B.V. et al. v.*
*Bolivarian Republic of Venezuela*, Civil Action No. 1:19-cv-00683 (CJN)

Dear Ms. Caesar:

We represent Petitioners ConocoPhillips Petrozuata B.V., ConocoPhillips Hamaca B.V., and ConocoPhillips Gulf of Paria B.V. (collectively, "Petitioners") in the above-captioned case. We write respectfully to request that you take all necessary steps, pursuant to 28 U.S.C. § 1608(a)(4), to effect service on Respondent Bolivarian Republic of Venezuela ("Venezuela"), which is a "foreign sovereign" pursuant to the Foreign Sovereign Immunities Act ("FSIA"). 28 U.S.C. § 1608.

Petitioners commenced this action on March 11, 2019. The FSIA provides four methods of service on a foreign sovereign, in descending order of preference. The first method of service under the FSIA allows for delivery "in accordance with any special arrangement for service between the plaintiff and the foreign state . . . ." 28 U.S.C. § 1608(a)(1). As no "special arrangement for service" exists between Petitioners and Venezuela, this method of service is unavailable.

The next prescribed method of service is "in accordance with an applicable international convention on service of judicial documents." 28 U.S.C. § 1608(a)(2). The United States and Venezuela are parties to the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 63 ("Hague Service Convention"). As set forth below, Petitioners have attempted, unsuccessfully, to serve Venezuela through the Hague Service Convention:

- On April 23, 2019, and in accordance with the Hague Service Convention, Petitioners sent the Venezuelan Central Authority, by the DHL courier service, the following documents pertaining to the above-captioned case (the "Hague

The Freshfields Bruckhaus Deringer US LLP partners include members of the Bars of the State of New York and the District of Columbia, Solicitors of the Supreme Court of England and Wales and Rechtsanwälte of Germany.

**Freshfields Bruckhaus Deringer** US LLP

Documents"):   (i) Request for Service Abroad of Judicial or Extrajudicial Documents; (ii) Petition to Recognize and Enforce an ICSID Arbitration Award; (iii) Petitioners' Statement of Points and Authorities in Support of Petition to Recognize and Enforce an ICSID Arbitration Award; (iv) Declaration of Elliot Friedman and Exhibits A-F; (v) Proposed Order; (vi) Civil Cover Sheet; (vii) Certificate Rule LCvR 26.1 for ConocoPhillips Petrozuata B.V.; (viii) Certificate Rule LCvR 26.1 for ConocoPhillips Hamaca B.V.; (ix) Certificate Rule LCvR 26.1 for ConocoPhillips Gulf of Paria B.V.; and (x) Summons in a Civil Action and Notice of Right to Consent to Trial Before a United States Magistrate Judge.  Two copies of each document were provided, in both English and Spanish (the official language of Venezuela).

- On April 29, 2019, according to DHL delivery records, the Hague Documents were received by Venezuela's Central Authority in Caracas.  *See* Ex. A (Delivery Confirmation).

- On May 1, 2019, Petitioners contacted Venezuela's Central Authority to request confirmation that the Central Authority had initiated service in accordance with the Hague Service Convention.  Petitioners received no reply.

- Petitioners again contacted Venezuela's Central Authority on May 28, July 31, and September 4, 2019.  Petitioners received no reply to any of these communications.

Despite having received the Hague Documents on April 29, 2019, Venezuela's Central Authority has failed to provide a certificate reflecting its acceptance of service.  *See* 28 U.S.C. § 1608(c)(2); Hague Service Convention, art. 6.  As a result of the long delay and lack of any response from Venezuela, we have concluded that service cannot successfully be effected under 28 U.S.C. § 1608(a)(2).

The next possible method of service under the FSIA is via "any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned."  28 U.S.C. § 1608(a)(3).  This method is unavailable here because Venezuela has formally objected to service by mail under the Hague Service Convention.

Because service has not been possible under the methods identified above, and pursuant to 28 U.S.C. § 1608(a)(4), we intend to dispatch the enclosed documents to the Secretary of State in Washington, District of Columbia, and to request that the Secretary of State transmit one copy of the papers to Venezuela through diplomatic channels.  The Secretary of State will then take steps to effect service through diplomatic channels and "shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted."  28 U.S.C. § 1608(a)(4).  Service will be deemed to have been made as of the date of transmittal indicated in the certified copy of the diplomatic note.  28 U.S.C. § 1608(c)(1).

Freshfields Bruckhaus Deringer US LLP

Therefore, in accordance with 28 U.S.C. § 1608(a)(4), please find enclosed two copies of the following documents (in both English and Spanish): (i) Summons in a Civil Action and Notice of Right to Consent to Trial Before a United States Magistrate Judge; (ii) Petition to Recognize and Enforce an ICSID Arbitration Award; (iii) Petitioner's Statement of Points and Authorities in Support of Petition to Recognize and Enforce an ICSID Arbitration Award; (iv) Declaration of Elliot Friedman and Exhibits A-F; (v) Proposed Order; (vi) Civil Cover Sheet; (vii) Certificate Rule LCvR 26.1 for ConocoPhillips Petrozuata B.V.; (viii) Certificate Rule LCvR 26.1 for ConocoPhillips Hamaca B.V.; and (ix) Certificate Rule LCvR 26.1 for ConocoPhillips Gulf of Paria B.V. Additionally, pursuant to 22 C.F.R. 93.2, attached to each copy is a Notice of Suit with accompanying copy of the FSIA (in both English and Spanish). Finally, we have also enclosed a cashier's check in the amount of $2,275.00, which satisfies the service fee due and payable to the U.S. Department of State.

Once you have reviewed the documents and confirmed that all documents necessary for service under 28 U.S.C. § 1608(a)(4) are included, we will arrange for physical delivery of the documents via certified mail to the Director of Special Consular Services at the U.S. Department of State and will return a copy of the certified mail receipt to the Court. Thank you for your assistance. Please do not hesitate to contact us if you have any questions.

Sincerely yours,

/s/ Elliot Friedman

Elliot Friedman

cc:    D. Brian King
       Michael S. Kim
       Marcus J. Green
       Josef M. Klazen

Encl.