IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONOCOPHILLIPS PETROZUATA B.V., et al.,<br><br>                              Petitioners,<br><br>         v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>                              Respondent. | Civil Action No. 1:19-cv-00683 (CJN) |

**DECLARATION OF ELLIOT FRIEDMAN
IN SUPPORT OF REQUEST FOR AN ENTRY OF DEFAULT**

Pursuant to 28 U.S.C. § 1746, I, Elliot Friedman, declare and state as follows:

1. I am an attorney admitted to practice before this Court and a partner with the law firm Freshfields Bruckhaus Deringer US LLP, counsel for Petitioners and arbitration award creditors ConocoPhillips Petrozuata B.V., ConocoPhillips Hamaca B.V., and ConocoPhillips Gulf of Paria B.V. (collectively, "Petitioners"). I respectfully submit this declaration based on my personal knowledge in support of Petitioners' Request for an Entry of Default Against Respondent the Bolivarian Republic of Venezuela ("Venezuela").

2. Petitioners filed a Petition to Recognize and Enforce an ICSID Arbitration Award on March 11, 2019 (the "Petition"). ECF No. 1. The Petition seeks the recognition of an arbitral award (the "Award") and the enforcement of the pecuniary obligations it imposes. The Award was rendered on March 8, 2019 in favor of Petitioners and against Venezuela, following an arbitration conducted under the rules of the International Centre for Settlement of Investment Disputes ("ICSID") and pursuant to the Convention on the Settlement of Investment Disputes between States and Nationals of Other States, Mar. 18, 1965, 17 U.S.T. 1270, 575 U.N.T.S. 159

1

(the "ICSID Convention").  The arbitration was captioned *ConocoPhillips Petrozuata B.V., ConocoPhillips Hamaca B.V., ConocoPhillips Gulf of Paria B.V., and ConocoPhillips Company v. Bolivarian Republic of Venezuela*, ICSID Case No. ARB/07/30.

3. Venezuela is a "foreign state" pursuant to the Foreign Sovereign Immunities Act ("FSIA"). The FSIA specifies four alternative methods of service on a foreign state, in descending order of preference. *See* 28 U.S.C. § 1608(a). As explained below, Venezuela was served under the fourth method, 28 U.S.C. § 1608(a)(4), on January 10, 2020.

4. The first method of service under the FSIA is delivery "in accordance with any special arrangement for service between the plaintiff and the foreign state . . . ." 28 U.S.C. § 1608(a)(1). Petitioners were not able to serve Venezuela under 28 U.S.C. § 1608(a)(1) because no "special arrangement for service" exists between Petitioners and Venezuela.

5. The second alternative means of service under the FSIA is "in accordance with an applicable international convention on service of judicial documents." 28 U.S.C. § 1608(a)(2). The applicable international convention to which the United States and Venezuela are parties is the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 (the "Hague Service Convention").  Venezuela received all documents necessary for completing service under the Hague Service Convention on April 29, 2019. However, Venezuela's Central Authority has to date failed to provide a certificate reflecting service on Venezuela, despite Petitioners' repeated requests. *See* 28 U.S.C. § 1608(c)(2). Petitioners therefore concluded that service could not be successfully effected under 28 U.S.C. § 1608(a)(2). *See* Affidavit Requesting Foreign Mailing, Sept. 26, 2019, ECF No. 15.

6. Petitioners were not able to serve Venezuela through 28 U.S.C. § 1608(a)(3), the third method of service under the FSIA, because Venezuela has formally objected to service by mail under the Hague Service Convention.

7. Therefore, on September 26, 2019, Petitioners requested the assistance of the Clerk of the Court in effecting service on Venezuela through diplomatic channels under 28 U.S.C. § 1608(a)(4). *See* Affidavit Requesting Foreign Mailing, ECF No. 15. All documents necessary for diplomatic service were mailed to the U.S. Department of State by the Clerk of the Court on October 3, 2019. *See* Certificate of Mailing, ECF No. 17. On January 13, 2020, a representative of the Secretary of State sent the Clerk of the Court a certified copy of the diplomatic note indicating that the papers were transmitted to the Venezuelan Embassy in Washington, D.C. on January 10, 2020. *See* Return of Service, ECF No. 20. Service was therefore accomplished under 28 U.S.C. § 1608(a)(4) on January 10, 2020. *See* 28 U.S.C. § 1608(c)(1).

8. The FSIA requires a foreign state to serve an answer or other responsive pleading within 60 days of service having been made. *See* 28 U.S.C. § 1608(d). Venezuela was therefore required to file an answer or other responsive pleading by March 10, 2020. *See* Status Report Regarding Service of Process 2, Jan. 17, 2020, ECF No. 21. Venezuela did not do so. To date, Venezuela has made no appearance in this case, has not filed any pleadings or served any pleadings upon Petitioners or their counsel, and has neither requested nor received any extension of time to file any pleadings.

9. On December 16, 2019, Petitioners received a communication from the Secretary-General of ICSID informing Petitioners that ICSID had registered an application by Venezuela to annul the Award (the "Application"). Venezuela's Application included a request that enforcement of the Award be stayed pending a decision on its Application. Under Article 52(5)

of the ICSID Convention, enforcement of the Award was automatically provisionally stayed until an *ad hoc* annulment committee appointed by ICSID to rule on Venezuela's Application decided whether the stay should be continued.  The *ad hoc* Committee was constituted on February 3, 2020.  The parties filed multiple rounds of submissions concerning Venezuela's request to continue the stay of enforcement of the Award.  Among Venezuela's submissions was an acknowledgement of the proceeding before this Court.  Status Report, Apr. 20, 2020, ECF No. 24.

10. A hearing on Venezuela's request was held on September 30, 2020.  On November 2, 2020, the *ad hoc* Committee decided to lift the stay of enforcement if Petitioners met certain conditions and provided certain assurances to the *ad hoc* Committee.  *See* Status Report, Dec. 7, 2020, Ex. A ("Decision on the Applicant's Request to Continue the Stay of Enforcement of the Award"), ¶ 67, ECF No. 29-1; Status Report, May 12, 2021, ECF No. 31.  On September 29, 2021, the *ad hoc* Committee confirmed that Petitioners had satisfied all such conditions and provided all necessary assurances and therefore discontinued the stay of enforcement of the Award.  A true and correct copy of the *ad hoc* Committee's decision to lift the stay is attached to this Declaration as Exhibit A.  Accordingly, there is no stay of enforcement in effect with respect to the Award.

11. Venezuela is neither an infant nor an incompetent person.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 30, 2021
           New York, New York

                      By:   /s/ Elliot Friedman
                            Elliot Friedman (D.C. Bar No. NY0106)

                            FRESHFIELDS BRUCKHAUS DERINGER US LLP
                            601 Lexington Avenue
                            31st Floor
                            New York, New York 10022
                            Tel:      212-277-4000
                            Fax:     212-277-4001
                            *elliot.friedman@freshfields.com*