## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONOCOPHILLIPS PETROZUATA B.V., et al.,<br><br>        Petitioners,<br><br>   v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>        Respondent. | Civil Action No. 1:19-cv-00683 (CJN) |

## DECLARATION OF CAMERON RUSSELL
## IN SUPPORT OF PETITIONERS' MOTION FOR ENTRY OF DEFAULT JUDGMENT

Pursuant to 28 U.S.C. § 1746, I, Cameron Russell, declare and state as follows:

1. I am an attorney admitted to practice before this Court and an attorney with the law firm Freshfields Bruckhaus Deringer US LLP, counsel for Petitioners and arbitration award creditors ConocoPhillips Petrozuata B.V., ConocoPhillips Hamaca B.V., and ConocoPhillips Gulf of Paria B.V. (collectively, "Petitioners"). I respectfully submit this declaration based on my personal knowledge in support of Petitioners' Motion for Entry of Default Judgment against Respondent the Bolivarian Republic of Venezuela ("Venezuela").

2. Petitioners filed the Petition to Recognize and Enforce an ICSID Arbitration Award on March 11, 2019 (the "Petition"). ECF No. 1. The Petition seeks the recognition of an arbitration award and the enforcement of the pecuniary obligations imposed by that arbitration award. The arbitration was conducted under the rules of the International Centre for Settlement of Investment Disputes ("ICSID") and pursuant to the Convention on the Settlement of Investment Disputes between States and Nationals of Other States, Mar. 18, 1965, 17 U.S.T. 1270, 575 U.N.T.S. 159 (the "ICSID Convention").

3. Venezuela signed the ICSID Convention on August 18, 1993. The ICSID Convention entered into force for Venezuela on June 1, 1995. Venezuela withdrew from the ICSID Convention, effective on July 25, 2012.

4. The arbitration was captioned *ConocoPhillips Petrozuata B.V., ConocoPhillips Hamaca B.V., ConocoPhillips Gulf of Paria B.V., and ConocoPhillips Company v. Bolivarian Republic of Venezuela*, ICSID Case No. ARB/07/30. The award was rendered on March 8, 2019 in favor of Petitioners and against Venezuela (the "Award").

5. On April 16, 2019, Venezuela filed an Application for Rectification of certain arithmetical errors alleged to be contained in the Award. On August 29, 2019, the Tribunal rendered its Decision on Rectification. Status Report, Sept. 26, 2019, Ex. A (Decision on Rectification), ECF No. 14-1. The effect of the Tribunal's Decision on Rectification was to reduce the total amount owed to Petitioners under the Award from US$8,754,907,155 to US$8,527,806,292. *Id.* at ¶¶ 64(1)–(2).

6. On December 16, 2019, Petitioners received a communication from the Secretary-General of ICSID informing Petitioners that ICSID had registered an application by Venezuela to annul the Award (the "Application"). Venezuela's Application included a request that enforcement of the Award be stayed pending a decision on its Application. Under Article 52(5) of the ICSID Convention, enforcement of the Award was automatically provisionally stayed until an *ad hoc* annulment committee appointed by ICSID to rule on Venezuela's Application decided whether the stay should be continued. The *ad hoc* Committee was constituted on February 3, 2020 and comprises eminent jurists with expertise in international arbitration. The parties filed multiple rounds of submissions concerning Venezuela's request to continue the stay of enforcement of the Award. Among Venezuela's submissions was an acknowledgement of the

proceeding before this Court. A hearing on Venezuela's request was held on September 30, 2020. On November 2, 2020, the *ad hoc* Committee decided to lift the stay of enforcement if Petitioners met certain conditions and provided certain assurances to the *ad hoc* Committee. *See* Status Report, Dec. 7, 2020, Ex. A (Decision on the Applicant's Request to Continue the Stay of Enforcement of the Award), ECF No. 29-1; Status Report, May 12, 2021, ECF No. 31. On September 29, 2021, the *ad hoc* Committee confirmed that Petitioners had satisfied all such conditions and provided all necessary assurances and therefore lifted the automatic stay of enforcement of the Award. *See* Friedman Decl., Sept. 30, 2021, Ex. A, ECF No. 32-2. As such, there is no stay of enforcement in effect with respect to the Award.[1]

7. The Award requires Venezuela to reimburse Petitioners for certain ICSID arbitration costs that Petitioners were required to pay to ICSID in substitution of Venezuela. First Friedman Decl., Ex. A (Award) at ¶ 1010(7), ECF No. 1-3. The Award states that the amount of ICSID arbitration costs owed to Petitioners by Venezuela would be "reduced by the balance refunded by ICSID to [Petitioners]." *Id.* On May 28, 2021, ICSID refunded Petitioners US$116,594.28. A true and correct copy of the email communication from the ICSID Finance Team confirming the amount of the refund is attached to this Declaration as Exhibit A.

8. On October 1, 2021, the Clerk entered a default against Venezuela. Clerk's Entry of Default as to Bolivarian Republic of Venezuela, ECF No. 33. On October 4, 2021, Venezuela's Office of the Special Prosecutor issued a press release regarding the lifting of the stay of enforcement by the *ad hoc* Committee and the Clerk's entry of default in the proceeding before this Court. The press release confirms that Venezuela is aware of the proceedings before

---

[1] On October 4, 2021, Venezuela asked the *ad hoc* Committee to reconsider its decision lifting the stay. As a result of the suspension of the proceeding (described below), the *ad hoc* Committee did not rule on Venezuela's most recent reconsideration request.

3

this Court and indicates that Venezuela has chosen not to make an appearance. A true and correct copy of the press release is attached hereto as Exhibit B.[2]

9. Under ICSID Administrative and Financial Regulation 14(3)(e), the party that applies to annul an ICSID arbitration award must pay advances to cover the costs of the proceeding. Failure to pay those advances results in suspension of the annulment proceedings. ICSID declared Venezuela to be in default of its payment obligations on September 7, 2021, and on October 14, 2021, ICSID confirmed that the annulment proceedings had been suspended pursuant to ICSID Administrative and Financial Regulations 14(3)(d) and (e). A true and correct copy of relevant excerpts of the ICSID Administrative and Financial Regulations is attached hereto as Exhibit C.

10. Christoph H. Schreuer's "The ICSID Convention: A Commentary" is widely regarded as the authoritative commentary on issues relating to the interpretation of the ICSID Convention. A true and correct copy of relevant excerpts of the second edition of this commentary, published by Cambridge University Press in 2009, is attached hereto as Exhibit D.

11. A true and correct copy of relevant excerpts of the Report of the Executive Directors on the ICSID Convention is attached hereto as Exhibit E.

12. Venezuela has not paid any part of the amounts owed under the Award. As of October 20, 2021, and as indicated in the table below, interest on the Award is calculated to be US$1,183,191,399, and the total value of the Award is US$9,710,881,097.[3]

---

[2]  *The Office of the Special Prosecutor of the Republic denies accusations that it abandoned the lawsuits in defense of State assets*, National Communication Center (Oct. 4, 2021), https://presidenciave.com/regions/the-office-of-the-special-prosecutor-of-the-republic-denies-accusations-that-it-abandoned-the-lawsuits-in-defense-of-state-assets/.

[3]  *See* Friedman Decl., Mar. 11, 2019, Ex. A (Award), ¶ 1010, ECF No. 1-3; Status Report, Sept. 26, 2019, Ex. A (Decision on Rectification), ¶ 64 , ECF No. 14-1.

| Claimant/Category of compensation | Amount of compensation awarded (as rectified) (US$) | Applicable interest rate | Interest to October 20, 2021 (US$) | Total (US$) |
|---|---|---|---|---|
| ConocoPhillips Petrozuata B.V. | 3,370,955,417 | 5.5% (compound) | 474,047,951 | 3,845,003,368 |
| ConocoPhillips Hamaca B.V. | 4,443,122,885 | 5.5% (compound) | 624,823,838 | 5,067,946,723 |
| ConocoPhillips Gulf of Paria B.V. | 552,059,091 | 5.5% (compound) | 77,634,513 | 629,693,604 |
| ConocoPhillips Petrozuata B.V. | 139,807,899 | 12-month LIBOR (simple) | 5,081,968 | 144,889,867 |
| Legal Fees | 20,461,000 | 3% (simple) | 1,508,508 | 21,969,508 |
| ICSID arbitration costs (after reimbursement) | 1,283,406 | 3% (simple) | 94,620 | 1,378,026 |
| **Total (US$)** | **8,527,689,698** | | **1,183,191,399** | **9,710,881,097** |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 20, 2021
New York, New York

By:_____
Cameron Russell (D.C. Bar No. NY0321)

FRESHFIELDS BRUCKHAUS DERINGER US LLP
601 Lexington Avenue
31st Floor
New York, New York 10022
Tel:   212-277-4000
Fax:   212-277-4001
*cameron.russell@freshfields.com*