IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONOCOPHILLIPS PETROZUATA B.V., et al.,<br><br>       Petitioners,<br><br>  v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>       Respondent. | Civil Action No. 1:19-cv-00683 (CJN) |

### PETITIONERS' NOTICE OF SUPPLEMENTAL AUTHORITY

  Petitioners ConocoPhillips Petrozuata B.V., ConocoPhillips Hamaca B.V., and ConocoPhillips Gulf of Paria B.V. (collectively, "Petitioners") respectfully notify the Court of the recent decision in *Tethyan Copper Company Pty Ltd. v. Islamic Republic of Pakistan*, 19-cv-2424, 2022 WL 715215 (D.D.C. Mar. 10, 2022) (copy attached hereto as Exhibit A). The decision is relevant to Petitioners' Motion for Entry of Default Judgment against Respondent the Bolivarian Republic of Venezuela ("Venezuela"), Oct. 20, 2021, ECF No. 35 (the "Motion"), which is pending before this Court. In addition, Petitioners provide an update regarding the status of the ICSID annulment proceeding.

  In *Tethyan*, the Court denied a request by an ICSID award debtor (Pakistan) to stay enforcement proceedings pending the resolution of an ICSID annulment process after the stay of enforcement under the ICSID Convention had expired. The Court held, *inter alia*, that there was no basis to stay the entry of judgment on the ICSID award because entering judgment "is but a preliminary step" prior to execution, and would therefore cause no immediate harm to Pakistan. *Tethyan*, 2022 WL 715215, at *5. That is because the ICSID award creditor can execute that judgment against an award debtor's assets only after "a reasonable period of time has elapsed."

1

*Id.* (quoting 28 U.S.C. § 1610(c)). The Court further held that a stay of Tethyan's enforcement action would "only prolong[]" denying justice to the award creditor, given Tethyan's "wait of over a decade for compensation." *Id.* The Court observed that the award creditor had "filed for arbitration in 2011, over ten years ago," and Pakistan had "registered its annulment application over two years ago." *Id*. at *6. Ultimately, "[a]dding a stay to such a well-tenured dispute 'hardly' promotes its 'expeditious resolution.'" *Id.* (quoting *LLC SPC Stileks v. Republic of Moldova*, 985 F.3d 871, 880 (D.C. Cir. 2021)).

Here, like the award creditor in *Tethyan*, Petitioners filed for arbitration over a decade ago, in November 2007. *See* Motion 20. Also as in *Tethyan*, the ICSID annulment proceeding commenced more than two years ago, in December 2019. *See id.* at 4. It has since been delayed by Venezuela's non-payment of advances to cover the costs of the proceeding. *Id.* at 5. And here, too, entry of judgment on the Award would be but a preliminary step. *See id.* at 19 (citing 28 U.S.C. § 1610(c)). *Tethyan* thus confirms that the pendency of an ICSID annulment proceeding that is not subject to a stay of enforcement imposed by an ICSID annulment committee (as here) should not prevent entry of judgment against Venezuela.

Finally, Petitioners provide an update on the status of the ICSID annulment proceeding. As noted in the Motion, on September 29, 2021, the *ad hoc* Committee confirmed that the automatic stay of enforcement had been discontinued. *See* Motion 5. The annulment proceeding was then suspended as of October 14, 2021 as a result of Venezuela's non-payment of advances on costs. *See id.* On March 9, 2022, ICSID informed the parties that it had received payment of the advances from Venezuela. On March 14, 2022, the *ad hoc* Committee declared the annulment proceeding resumed and invited the parties to confer on dates for a hearing. Petitioners will update the Court once the Committee issues a procedural calendar or other guidance as to next steps. As

2

explained in the Motion, no prejudice could result to Venezuela from the entry of default judgment while the annulment proceeding is pending.  *See id.* at 19.

Dated: March 17, 2022
       New York, New York

Respectfully submitted,
By:   */s/ Elliot Friedman*

**FRESHFIELDS BRUCKHAUS DERINGER US LLP**
Elliot Friedman (D.C. Bar No. NY0106)
David Y. Livshiz (D.C. Bar No. NY0269)
Sam Prevatt (admitted *pro hac vice*)
Cameron Russell (D.C. Bar No. NY0321)

601 Lexington Avenue, 31st Floor
New York, New York 10022
Tel:   212-277-4000
Fax:   212-277-4001
*elliot.friedman@freshfields.com*
*david.livshiz@freshfields.com*
*sam.prevatt@freshfields.com*
*cameron.russell@freshfields.com*

**D. Brian King** (admitted *pro hac vice*)
New York University School of Law,
40 Washington Square South
New York, New York 10012
Tel:   212-992-8175
*brian.king@dbkingarbitration.com*

**KOBRE & KIM LLP**
Michael S. Kim (D.C. Bar No. 1032401)
Marcus J. Green (D.C. Bar No. 999223)
Josef M. Klazen (D.C. Bar No. 1003749)
1919 M Street, NW
Washington, DC 20036
Tel:   202-664-1900
*michael.kim@kobrekim.com*
*marcus.green@kobrekim.com*
*josef.klazen@kobrekim.com*

*Attorneys for ConocoPhillips Petrozuata B.V., ConocoPhillips Hamaca B.V., and ConocoPhillips Gulf of Paria B.V.*